IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

NICHOLAS DAVID ALBRECHT
REG. #07389-046                                                                                              PETITIONER

VS.                                          2:06CV00111 JTR

LINDA SANDERS, Warden,
FCI, Forrest City, Arkansas                                                                              RESPONDENT

**MEMORANDUM AND ORDER**

Pending before the Court[1] is Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Docket entry #16.) Before addressing Respondents' Motion, the Court will briefly review the relevant procedural history.

On April 20, 2006, Petitioner filed this federal habeas action. (Docket entry #1.) Petitioner alleged he was serving a 60-month sentence, imposed at an unspecified time, for a conviction of conspiracy to distribute methamphetamine. Petitioner claimed he was entitled to habeas relief due to the BOP's decision to terminate the "Boot Camp" Program, alternatively known as the "Shock Incarceration Program."[2] Petitioner requested credit for the time he would have received had he

---

[1] The parties have consented to proceedings before a United States Magistrate Judge. (Docket entry #10.)

[2] The Program was created by statute in 1990. *See* 18 U.S.C. § 4046 ([BOP] "may place in a shock incarceration program any person who is sentenced to a term of imprisonment of more than 12, but not more than 30 months"). Successful completion of the Program could entitle an inmate to early release consideration.   28 C.F.R. §§ 524.32.

Although Congress authorized funding for the Program, it did not appropriate funds specifically for the Program. *Castellini v. Lappin*, 365 F. Supp.2d 197, 199 (D. Mass.2005). BOP funded the Program with lump-sum congressional appropriations. *United States. v. Serrato*, 2005 WL 1661831, *1 (D. Or.2005). Following a budget shortfall in Fiscal Year 2004, and studies

entered and completed the Program.

Respondent filed a Response (docket entry #9) arguing that Petitioner's claim failed on the merits.[3] Later, Respondent filed a Motion to Dismiss (docket entry #16), based on Petitioner having been released from BOP custody on August 3, 2007. (Docket entry #16 at 3.)

Petitioner's requested relief is now moot due to his having been released from BOP custody. Thus, the Court will grant Respondent's Motion to Dismiss

IT IS THEREFORE ORDERED THAT Respondent's Motion to Dismiss (docket entry #16) is GRANTED, and this case is DISMISSED, WITH PREJUDICE.

Dated this 20th day of December, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

---

leading BOP to conclude that the Program was not effective in reducing recidivism, BOP decided to phase out the program. *Castellini v. Lappin*, 365 F. Supp.2d 197, 199 (D. Mass. 2005). On January 14, 2005, the BOP Director issued a memorandum to the federal judiciary and others announcing that inmates would no longer have the option to participate in the Program, and that the Program would be terminated immediately after current enrollees had completed the program. *Memorandum for Federal Judges, Chief Probation Officers, Federal Public Defenders, and United States Attorneys*, January 14, 2005, from BOP Director Harley G. Lappin.

[3]Courts in the Eastern District of Arkansas have rejected identical habeas challenges to the Program's termination. *See Self v. Sanders*, E.D. Ark No. 2:05CV00205 JTR; *Fason v. Sanders*, E.D. Ark. No. 2:05CV00171 HDY.